ANTONIA PETERPOLO, PLAINTIFF AND APPELLEE, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT AND APPELLANT.

Argued November 3, 1909—Decided March 29, 1910.

The driver of a wagon approaching a trolley crossing, and while fifteen or twenty feet from the trolley track, with his horses on a walk, saw an approaching car one hundred and fifty or two hundred feet away and saw that it was running at a very high degree of speed. The driver continued on his way at the same gait, and when on the trolley track his wagon was struck by the car. *Held*, that the driver was negligent.

On appeal from the Second District Court of Newark.

Before Justices REED, BERGEN and MINTURN.

For the plaintiff and appellee, *Samuel Press.*

For the defendant and appellant, *Leonard J. Tynan* and *Duane E. Minard.*

The opinion of the court was delivered by

REED, J. This action was brought by Antonia Peterpolo to recover damages for injuries received by him from the collision between a wagon in which he was driving and a car of the defendant.

The collision happened at the intersection of McWhorter street and Hamilton street, in the city of Newark. The plaintiff was driving along Hamilton street and was crossing McWhorter street, on which street there is a single track

of defendant's trolley road. The plaintiff says that when proceeding along Hamilton street, he reached McWhorter street; he looked up McWhorter street and saw a car one hundred and fifty or two hundred feet away; that he drove ahead, his horse walking; that he had nearly crossed the track when the rear wheel of his wagon was struck by the car, and the plaintiff was thrown out of his wagon and injured.

Other witnesses say that the rear wheels of his wagon were struck; but Ryan, one of the plaintiff's witnesses, says the car fender struck the rear end of the front wheel, the rim of the wheel, and lifted it right up, and the horse gave a jump. While from the distances sworn to by the witnesses, and the relative speed of the car and the wagon, the account of Ryan is in the highest degree probable, yet we must assume that there was testimony to support the story of the other witnesses that the car struck the rear wheels of the plaintiff's vehicle.

The situation then was this: The plaintiff, when he reached McWhorter street, looked up the street and saw a car one hundred and fifty or two hundred feet away, was, as he says, fifteen or twenty feet away from the trolley track. If the car at that moment had been going at a moderate speed, or had appeared to the plaintiff to be either not moving, or moving at a moderate speed, it could not be said that his failure to stop his team was negligence; for the plaintiff could assume that he could reach the track before the car, and that the motorman would respect his rights to cross, he having gained a position on the track. But this was not the condition of affairs. All the plaintiff's witnesses say the car was going fast, or very fast. The plaintiff himself says that the car was running with extreme rapidity. This knowledge he must have gained from observation at the time.

If he saw this car only fifty or seventy-five yards away, approaching with this degree of speed, his attempt to cross in front was a clearly negligent act. *Schwanewede* v. *North Hudson Railway Co.,* 38 *Vroom* 449, and cases cited.

The judgment should be reversed.